■ THE PEOPLE OF THE STATE OF NEW YORK v BARNEY SMITH. — Motion for resettlement deemed as one for reargument, the motion for such reargument granted and, upon reargument, the memorandum decision filed with the order of this court entered on November 24, 1981 (84 AD2d 727) is recalled and a new memorandum substituted therefor as follows: Order, Supreme Court, New York County (Jerome Marks, J.), entered May 16, 1980, dismissing the second count charging criminal possession of a weapon in the third degree (Penal Law, § 265.02), reversed, on the law, and the second count reinstated. The trial court should not have dismissed the second count of the indictment for legal insufficiency. The testimony of the prosecution witnesses established a prima facie case that the defendant possessed a gun at the time of the occurrence in violation of section 265.02 of the Penal Law. Accordingly, we reinstate that second count. Moreover, the trial court erroneously excluded the metal fragments as irrelevant. The fragments were relevant to the prosecution's case of demonstrating that the defendant possessed a gun. At the retrial, the prosecution must, of course, make a sufficient connection between the fragments and the defendant before those fragments are admitted (*People v Mirenda*, 23 NY2d 439, 453). The trial court must ultimately decide that evidentiary question upon the proof adduced at the retrial. Concur — Murphy, P. J., Birns, Sandler, Ross and Lupiano, JJ.